IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-10002-05 |
| ) | |
| ALAN NGUYEN a/k/a "Egg Head", ) | |
| ) | |
| Defendant. ) | |
| ) | |

### Memorandum and Order

This matter came before the court on February 15, 2008, for a hearing on defendant Alan Nguyen's Motion for Review of Detention Order (Doc. 87). After hearing the arguments of counsel, the court orally denied the motion and ordered that the defendant be detained pending trial. This written memorandum will supplement the court's oral ruling.

I. *Background.*

The defendant Alan Nguyen is charged in 45 counts of a 94-count Indictment. (Doc. 1). The charges against him include alleged conspiracies to distribute ecstacy, cocaine, and marijuana; possession with intent to distribute ecstacy and marijuana; and numerous counts involving use of a telephone to facilitate drug trafficking. Magistrate Judge Bostwick ordered the defendant's detention pending trial, finding after a hearing that the defendant's release would pose a danger to the community and that he was a flight risk.

Defendant's Motion for Review argues that the defendant is not a danger or a flight risk. He points out that he has been employed by All Saints Home Care for over two years, taking care of his father so that his father can live at home. He says he has completed 33 hours of

college credit at Cowley County Community College and that prior to his detention he was a "straight A" student at the Wichita Area Technical College. Defendant reports that he has lived in Wichita his entire life and does not hold a passport. Defendant notes that his only conviction for a crime against a person was a battery conviction as a juvenile in 2002. Defendant also argues that he has demonstrated acceptance of responsibility by pleading guilty to a state drug charge in August of 2007, and says that while under supervision in that case he has attended Parallax drug treatment program and has tested clean for drugs.

Defendant further argues that the Bail Reform Act codified the Eighth Amendment's prohibition of excessive bail, and he notes that nothing in the act is intended to modify or limit the presumption of innocence. He argues that pretrial detention in this case violates his right to substantive and procedural due process.

II. *Standards*.

The district court's review of the magistrate's order of detention is *de novo*, meaning this court must make its own determination and must ultimately decide the issue of detention or conditions for release without deference to the magistrate's conclusion. *United States v. Cisneros*, 328 F.3d 610, 616, n.1 (10th Cir. 2003).

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142. The government bears the burden of proving a risk of flight by a preponderance of the evidence, and it must prove dangerousness by clear and convincing evidence. *Cisneros*, 328 F.3d at 616. In a case such as this, where the Indictment alleges an offense under the

Controlled Substances Act for which the maximum term of imprisonment is ten years or more, a rebuttable presumption of detention arises. § 3142(f).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court must consider: (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

III. *Findings*.

– Due to the nature of the charges, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

– The charges against the defendant are serious in nature. The defendant is charged with conspiracy and/or distribution involving three different controlled substances: MDMA (ecstacy), cocaine, and marijuana.

– The weight of the evidence against the defendant appears strong, as the Government

represents that it has wiretap evidence, as well as surveillance evidence by government agents showing the defendant's involvement in the offenses charged.

– In August of 2007, the defendant pled guilty in state court to charges of possession of methamphetamine and marijuana. The defendant was given a suspended sentence of 15 months and was placed on probation. As the Magistrate noted in his prior order, most of the conduct alleged against the defendant in the instant case occurred while the state charge was pending against the defendant. The defendant also has prior juvenile adjudications for battery and burglary. Also, the defendant has admitted to past usage of various drugs, including marijuana and ecstacy. The defendant has been in outpatient drug treatment as part of his state court case.

– The government has made a proffer indicating a strong likelihood that the defendant is or has recently been a member of the Viet Boyz gang. The government also proffered that the defendant was present with gang members in June of 2006 at the scene of a shooting and stabbing in Old Town, although no charges were brought against the defendant from that incident.

– The defendant has been employed part-time since 2004 by a home health care company, pursuant to which he provides in-home care to his father. Defendant has also attended Cowley County Community College and, more recently, Wichita Area Technical College. Although the defendant has performed well in the latter school, the other circumstances presented, including the nature of the charges, the defendant's criminal history, his substance abuse history, and his gang association, show that there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community if he is released. As such, the court orders that the defendant Alan Nguyen be

detained pending trial in this case.

The court rejects defendant's argument that his detention amounts to a deprivation of due process. The defendant has been afforded an opportunity for an adversary hearing, and the Government has presented clear and convincing evidence to meet its burden.  As the Supreme Court noted in *Demore v. Kim*, 538 U.S. 510, 549-50 (2003), the Bail Reform Act comports with due process by allowing pretrial detention only after an adversary hearing and only when there is a real need for it, such as "[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to ... the community." *Id*.  That standard is satisfied here.

IV.  *Conclusion*.

The defendant Alan Nguyen's Motion for Review of Detention Order (Doc. 87) is DENIED.  The Order of Detention previously entered in this case remains in effect.  The defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a  corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

   IT IS SO ORDERED this   19th    Day of February, 2008, at Wichita, Ks.

                                        s/Wesley E. Brown
                                        Wesley E. Brown
                                        U.S. Senior District Judge